**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Patrick Lynn Moore and, | ) | Case No.: 04-40135-BGC-13 |
| Tynittea Bryant Moore | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| Patrick Lynn Moore and, | ) | |
| Tynittea Bryant Moore | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | A.P. No.: 05-40240 |
| | ) | |
| | ) | |
| Wells Fargo Bank, N.A., | ) | |
| successor by merger to | ) | |
| Wells Fargo Home Mortgage, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum Opinion
On Motion for Temporary Restraining Order**

**I. Background**

The matters before the Court are the debtors' Complaint filed on October 31, 2005, for damages alleging a violation by the defendant of section 362 of the Bankruptcy Code and the debtors' Motion for Ex Parte Temporary Restraining Order filed on November 1, 2005, seeking an injunction against the defendant to halt a foreclosure of the mortgage on the debtors' home scheduled by the defendant for November 3, 2005.

An emergency hearing was held on November 2nd ,2005, at 1:00 p.m. in Courtroom 4 of the Robert S. Vance Federal Building in Birmingham, Alabama. Mr. Frank LaBudde, counsel for the debtors, appeared by telephone. The defendant was not represented.

## II. Notice

Rule 65 of the Federal Rules of Civil Peocedure, applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure, reads in relevant part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed.R.Civ.P. 65(b). The accompanying temporary restraining order was issued without notice. Based on the facts, it appears from the complaint and verified motion that there will be, "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition...." In addition, the plaintiff's attorney has certified in writing that efforts were made to give notice to the defendant's attorney and that there are reasons that notice should not be required.[1]

## III. Findings of Fact

These findings of fact are based on representations by counsel, the pleadings and the Court's records.

A foreclosure in set on the debtor's home for tomorrow, November 3, 2005. The plaintiff-debtor filed the pending complaint on October 31, 2005. While the <u>Complaint</u> is not verified, the <u>Motion for Ex Parte Temporary Restraining Order</u> is verified and contains essentially the same facts as the <u>Complaint</u>. Based on the pleadings and the representations of counsel, the court finds the following facts.

The defendant holds a mortgage on the debtors' home. The debtors filed the pending case on January 15, 2004. The debtor's failed to make all mortgage payments after the case was filed and eventually reached an agreement with the mortgagee regarding those arrears. This Court approved the agreement by an order entered on October 25, 2004.

---

[1] After the Court learned about the pending matter, it contacted the attorney for the plaintiff to determine whether the matter had been resolved. The attorney for the plaintiff represented that the former attorneys for the defendant were no longer representing the defendant and therefore the efforts to resolve the matter with them were not successful. The attorney for the plaintiff represented that a different firm might be representing the defendant and that he had contacted that firm. This Court contacted that attorney and discussed the matter with both the plaintiff's attorney and the "new" attorney for the defendant. Both attorneys agreed that the pending adversary proceeding had not been formally referred to the "new" attorney and therefore that attorney could not make an appearance for the defendant.

While the debtors contend that they made all payments pursuant to the parties' agreement, the defendant sent a notice of default and referred the matter to an attorney for foreclosure. That foreclosure did not occur and the debtors continued, or resumed, making payments. The defendant again alleged a default and contended that the stay lifted pursuant to the parties' agreement. After that allegation the debtors' attorney held their mortgage payments while the attorneys attempted to resolve the matter. They were not able to do so, but the debtors' attorney paid the defendant the funds he was holding. The defendant apparently contends that the stay lifted when the debtors allegedly failed to make all payments. The instant foreclosure was scheduled thereafter.

The debtors' complaint and motion for a restraining order included copies of receipts for payments made to the defendant. A representation was made at the hearing today that after the agreement was reached, the debtors made all payments timely.

## IV. Conclusions of Law

Writing for the Court of Appeals for the Eleventh Circuit in Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205 (11th Cir. 2003), Judge Donald C. Pogue, sitting by designation from the United States Court of International Trade, lists the four requirements that must be met in order for this Court to issue either a temporary restraining order or preliminary injunction. He writes:

A district court may issue a preliminary injunction where the moving party demonstrates:

(1) a substantial likelihood of success on the merits;
(2) that irreparable injury will be suffered unless the injunction issues;
(3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
(4) if issued, the injunction would not be adverse to the public interest.

Id. at 1210 (citing Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir.2000); McDonald's Corp., 147 F.3d at 1306; All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir.1989)).[2]

---

[2]The same standard applies in considering whether to issue a temporary restraining order. Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

The Court finds, based on its records, the representations of counsel, and the pleadings, that: (1) there is a substantial likelihood of the debtor's success on the merits, that is, there is a substantial likelihood that the debtors will prove that the stay did not lift by operation of the parties' agreement and this Court's order approving that agreement because payments were timely made pursuant to the parties' agreement; 2) if the defendant was allowed to foreclose on the debtors' home, that the debtors would suffer irreparable injury as a foreclosure would prevent the debtors from rehabilitating the mortgage in a Chapter 13 case; 3) there is no reasonable likelihood of the property depreciating in value during the time of the restraining order that will be issued forthwith; consequently, the threatened injury to the debtors is greater than any damage the proposed injunction may cause the defendant; and 4) the issuance of the injunction will not disserve the public interest.

For the above reasons and pursuant to Rule 65 of the Federal Rules of Civil Procedure (applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure), the Court finds that the defendant is due to be enjoined from foreclosing on the debtors' home as scheduled for November 3, 2005.[3]

### V.  Preliminary Injunction

Rule 65 of the Federal Rules of Civil Procedure, applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure, reads in part:

> Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record.

Fed.R.Civ.P 65.

Rule 65 of the Federal Rules of Civil Procedure, applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure, also reads in part:

> In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest

---

[3]Pursuant to Rule 7065, Federal Rules of Bankruptcy Procedure, a temporary restraining order or preliminary injunction may be issued on application of a debtor without security.

4

possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if the party does not do so, the court shall dissolve the temporary restraining order. On 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

Fed.R.Civ.P 65.

Because a temporary restraining order is being issued without notice, a hearing on a preliminary injunction will be held within the 10-day period provided for by Rule 65.


DONE this the 2nd day of November, 2005.



/s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge

Case 04-40135-JJR13    Doc 57    Filed 11/02/05    Entered 11/02/05 15:52:13    Desc Main
Document      Page 5 of 5